**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-CV-22834-EGT

MATTHEW ROBERT ELMORE,

     Plaintiff,

v.

7 ELEVEN,

     Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION**
**TO PROCEED *IN FORMA PAUPERIS***

This cause comes before the Court on Plaintiff, Matthew Robert Elmore's Motion for Leave to Proceed in Forma Pauperis [D.E. 3], that was filed pro se on June 24, 2025. The matter was assigned to the Undersigned Magistrate Judge for appropriate disposition. [D.E. 2]. Upon consideration of the Motion and the supporting financial affidavit and record, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion is **DENIED** with leave to renew in compliance with this Order. It is also ORDERED that Plaintiff show cause, either in the form of a written response to this Order or through an Amended Complaint, why the action should not be dismissed.

2. Plaintiff's financial affidavit filed as part of the Motion satisfies the economic eligibility requirements of 28 U.S.C. § 1915(a).

1

3. But upon review of the pro se complaint, the Court finds that Plaintiff must at this stage show cause why this Court has jurisdiction over the action. Specifically, the face of the Complaint purports to show that Plaintiff purchased from 7 Eleven a chicken wrap that was "green and molded." [D.E. 1]. Plaintiff alleges that he nonetheless ate the wrap, and it made him "puke for 2 days." [*Id.*]. In turn, Plaintiff seeks $100,000,000.00 in damages from 7 Eleven.

4. On the face of the Complaint, treated liberally, the Court cannot deem the Complaint to be non-frivolous, in order to then grant the in forma pauperis relief. The Court is required to consider this preliminary question under section 1915, which is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *See, e.g., Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must initially determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If so, the court must then determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  It is this latter inquiry that prevents us from granting immediate relief on the motion at this stage of the case.

5. There are two critical problems with the Complaint as it relates to our jurisdiction. As to the first problem, Plaintiff checks the "federal question" box on his Complaint form. [D.E. 1]. But it is entirely unclear what federal statute could be implicated by the harm Plaintiff is attempting to allege, nor does Plaintiff identify any federal statute. As pleaded, Plaintiff purchased a chicken wrap, got a stomach illness for two days from it, and received a refund from 7 Eleven. Based on those bare allegations, and without further elaboration, there is no federal statute that 7 Eleven plausibly violated. Plaintiff does not allege any other act that would plausibly infer the violation of federal law, nor does Plaintiff identify a statute. Without any allegations, even plausibly construed, that allege the violation of federal law, the Court fails to identify a non-frivolous basis for federal question jurisdiction.

6. As to the second problem, if Plaintiff instead asserts diversity jurisdiction, Plaintiff's allegations do not even approach an injury of greater than $75,000.00 as pleaded (let alone $100,000,000.00). "Although a diversity suit should not be dismissed unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy],' this liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Again, Plaintiff alleges that he ate a chicken wrap, threw up for two days, and got a refund. As pleaded, it is a legal certainty that Plaintiff cannot recover over $75,000.00

from this set of events. Had, for example, the Complaint alleged that Plaintiff was rushed to the hospital due to a critical medical emergency occasioned by the chicken wrap, perhaps we could find a non-frivolous basis to assert jurisdiction. But as pleaded, Plaintiff's Complaint falls woefully short of plausibly alleging over $75,000.00 in damages.

7. In sum, without a showing of cause, either in the form of a written response to this Order or even better an amended complaint that addresses these pleading issues, the Court presently cannot find a basis to exercise subject matter jurisdiction. And, if that is the case, the motion for in forma pauperis treatment can be denied as frivolous under 28 U.S.C. § 1915.

8. Alternatively, Plaintiff may elect to proceed with his current complaint but must then submit the required filing fee with the Clerk of the Court in order to prosecute his action. Plaintiff also may file this complaint in state court, where subject matter jurisdiction is less likely to create a barrier. For now, the pending motion is Denied without prejudice. But failure to comply with this Order in one way or another may result in dismissal of the action. Plaintiff must fully comply with this Order by no later than July 24, 2025.

**DONE and ORDERED** in Chambers at Miami, Florida this 10th day of July, 2025.

 /s/  *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

4